UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
(CORPUS CHRISTI DIVISION)

| | |
|---|---|
| IN THE MATTER OF CGBM 100, LLC AS OWNER AND/OR OPERATOR AND/OR OWNER *PRO HAC VICE* OF THE M/V JOHN M. WIKE AND BARGE CYCLER 5500 | CIVIL ACTION NO. |

**ORIGINAL COMPLAINT FOR EXONERATION FROM
OR LIMITATION OF LIABILITY**

**NOW INTO COURT**, through undersigned counsel comes CGBM 100, LLC ("CGBM") (hereafter "CGBM" or "Limitation Petitioner") as owner and/or operator and/or owner pro hac vice of the M/V JOHN M. WIKE and Barge Cycler 5500 (hereafter "the Vessels"), who files this Original Complaint for Exoneration From or Limitation of Liability pursuant to 46 U.S.C. § 30511 and Rule F of the Supplemental Rules of the Federal Rules of Civil Procedure for Certain Admiralty and Maritime Claims and respectfully aver upon information and belief as follows:

**JURISDICTION AND VENUE**

1. This is an action for exoneration from or limitation of liability, civil and maritime, under the purview of 46 U.S.C. §§ 30501, *et seq.* (the "Limitation Act"), and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. This action is governed by Rule F of the Supplemental Rules for Admiralty or Maritime Claims of the Federal Rules of Civil Procedure.

3. This Honorable Court has jurisdiction over this action by virtue of the Limitation Act and by virtue of 28 U.S.C. § 1333.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred within this District. Moreover, the Vessels are located within this District.

5. The Vessels have not been attached or arrested to answer for any claim with respect to which Limitation Petitioners seek exoneration from or limitation of liability through these proceedings.

6. As of the date of this filing, Limitation Petitioner CGBM has received written notice of a potential claim from the owners of the M/V AMALTHEA for alleged damage to that vessel and other damages said to arise out of an incident that occurred on or about May 5, 2023, as described more fully herein.

**LIMITATION PETITIONERS AND THEIR VESSELS**

7. At all times pertinent hereto, Limitation Petitioner CGBM is and was a Louisiana limited liability company with its principal place of business in St. Rose, Louisiana. CGBM is authorized to do and doing business within the jurisdiction of this Honorable Court on navigable waters within the State of Texas.

8. At all material times, CGBM was and is the owner and/or owner pro hac vice of the M/V JOHN M. WIKE and Barge Cycler 5500.

9. At all material times CGBM exercised due diligence to make the Vessels seaworthy in all respects. At all times hereinafter described, the Vessels were, in fact, tight, staunch, strong, fully and properly equipped and manned, well and sufficiently fitted with suitable machinery, gear,

tackle, apparel, and appliances, and in all respects seaworthy and fit and proper for the services in which the Vessels were engaged.

## FACTUAL BACKGROUND

10. CGBM was and is a business engaged in moving barges including in the area of the Corpus Christi Ship Channel ("CCSC").

11. On May 5, 2023 the loaded barge Cycler 5500 was being pushed by the M/V JOHN M. WIKE in the CCSC. The Vessels had departed CITGO Dock 7 and was bound for CITGO Dock 6 in the CCSC.

12. During the voyage, at approximately 1800 hours, the port bow of the Cycler 5500 contacted the starboard side shell plating, above the waterline, of the M/V AMALTHEA (the "Incident"). Upon information and belief, the M/V AMALATHEA was owned by Symbol Maritime Ltd ("Symbol") operated by Minerva Marine, Inc. ("Minerva").

13. At the time of the Incident, the M/V AMALTHEA was being pushed alongside Oil Dock 11 in the Port of Corpus Christi with an Aransas-Corpus Christi Pilot (Unit 21) aboard by two tractor tugs, M/V MERCURY near the stern and the M/V TED C. LITTON (hereafter, the "Tractor Tugs"). Upon information and belief, the Tractor Tugs were owned by Suderman & Young Towing Company ("S&Y") and operated by G&H Towing Company ("GHT").

14. Immediately after the Incident, the helmsman of the Vessels confirmed with the Master of the AMALTHEA that there was no pollution or injuries as a result of the Incident, proceeded to CITGO Dock 6, and notified the United States Coat Guard of the Incident.

## EXONERATION AND/OR LIMITATION OF LIABILITY

15. This Complaint is filed timely under Admiralty Rule F (1).

16. Any damage claimed by the owners of the M/V AMALATHEA was not caused or contributed to by any fault, neglect, negligence, or lack of due care on the part of the Vessels, CGBM, their agents, servants, employees, or any other persons for whom CGBM might be responsible, or by any unseaworthiness of the Vessels.

17. The Incident was caused by the AMALTHEA and/or its Master and crew and/or Symbol and/or Minerva and/or the Tractor Tugs and/or S&Y and/or G&H and/or other parties for whom CCBM is not responsible.

18. CGBM is entitled to exoneration and/or limitation under the circumstances.

19. Any damage arising out of the Incident was caused and occurred without the privity or knowledge of CGBM.

20. CGBM has a reasonable basis upon which to believe it is possible that claims have been and/or will be asserted and prosecuted against them in amounts exceeding the value of the Vessels and their pending freight.

21. The fair market value of the Limitation Petitioners' interest in the Vessels at the time of the Incident was $4,500,000 for the M.V JOHN NM. WIKE and $7,900,000 for the Barge Cycler 5500, for a total of $12,400,000.

22. The Vessels had pending freight of no more than $30,000.

23. Accordingly, the total value of Limitation Petitioner's interest in the Vessels, and her pending freight is $12,430,000 (See Declarations of Values attached hereto as Exhibit 1).

24. CGBM herewith submits to the for Court approval, as security for the benefit of all potential claimants, Letters of Undertaking totaling $12,430,000, said sum representing the total value of the Vessels, their appurtenances, and pending freight, and CGBM are also prepared to act in accordance with the provisions of Rule F(1) and (7), if the Court should so require.[1]

25. CGBM avers that because any damage arising out of the Incident, was not caused or contributed to by any fault, neglect, negligence or lack of due care on the part of CGBM or their agents, servants, employees, or any other persons for whom CGBM might be responsible, or by any fault, neglect, negligence or lack of due care on the part of the Vessels, or by any unseaworthiness of the Vessels, CGBM is entitled to and hereby claim exoneration from liability for any and all alleged injuries, losses or damages allegedly arising out of the Incident.

26. Without admitting but affirmatively denying all liability, and strictly in the alternative to their claim for exoneration from all liability, losses, damages and/or injuries allegedly occasioned by or resulting from the Incident, CGBM alleges and avers that if it should be held responsible to any person, entity or other party by reason of any fault attributed to CGBM, its agents, servants, employees, or others for whom CGBM could be held responsible, or to the Vessels, in connection with the above-described Incident, CGBM did not have privity or knowledge of such fault, as a result of which CGBM is entitled to and claim the benefit of limitation of liability as provided in the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.*, and all laws supplementary thereto and amendatory thereof, and all other applicable law and

---

[1] Letters of Undertaking are attached from the Primary Insurer, one of the First Excess Insurers, and one of the Second Excess Insurers. Limitation Petitioner will supplement with the executed Letters of Undertaking from the other insurers.

jurisprudence, to limit its liability to $12,430,000, the value of CGBM's interest in the Vessels when the alleged damage was caused.

27. Should it later appear that Limitation Petitioner is or may be liable and that the amount or value of their interest in the Vessels and their pending freight, as aforesaid, is not sufficient to pay all losses in full, then all claimants shall be made to share pro rata in the aforesaid sum, saving to all such claimants any rights of priority they may have as ordered by this Honorable Court, or as provided by the aforesaid statutes, by the Federal Rules of Civil Procedure, the General Maritime Law, and by the rules and practices of this Honorable Court.

28. CGBM reserves the right to plead all applicable affirmative defenses, claims, cross-claims and counterclaims against any claimant, including but not limited to the right to plead set off, the right to plead comparative fault, the right to plead compromise and settlement, the right to plead that the alleged damage was unavoidable by CGBM, the right to plead the Act of God defense, the right to plead that any damage resulted from violations of law or permits by other parties or particular claimants, the right to plead that the particular claimants have no right to pursue claims for the alleged unseaworthiness of the Vessel(s), the right to plead the fault of other parties, and the right to file cross-claims and/or third-party actions for damages or for indemnity or contribution against all persons and entities that may be legally responsible for the alleged damages described herein.

29. All and singular, the premises are true and correct and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court as an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED**, Limitation Petitioner, CGBM respectfully request and prays

1. That this Honorable Court maintain the order approving the Letter of Undertaking submitted to the Court by CGBM as security for the amount of value of CGBM's interests in the Vessels and their pending freight;

2. That this Honorable Court issue an monition and notice to all persons, firms, corporations or other entities asserting any claims for any and all alleged losses, damages or injuries with respect to which CGBM seek exoneration from or limitation of liability, admonishing them to file their respective claims with the Clerk of Court and to serve on the attorneys for CGBM a copy thereof on or before the date specified in the monition and notice, or be forever barred and permanently enjoined from making and filing any claims with respect to the Incident described more fully herein;

3. That this Honorable Court issue an injunction restraining the commencement or prosecution of any action or proceeding of any kind against CGBM its affiliates, its employees, its or their insurers, sureties, or underwriters, or any of their property, including but not limited to the M/V JOHN M. WIKE and the Cycler 5500, whether *in personam*, by attachment, or *in rem*, for any losses, damages, and/or injuries allegedly arising out of the Incident described in this Complaint;

4. That if any claimant who shall have filed a claim shall also file an exception bringing forward evidence to controvert the value of the Vessels, as alleged herein, this Court shall cause due appraisement to be had of the value of the Vessels and of the value of CGBM's interest therein, following which event this Court shall, if necessary, enter an Order for filing of an

amended Letter of Undertaking or other appropriate security for the aggregate value, as so determined, of CGBM's interest in said Vessels;

5. That this Honorable Court adjudge that CGBM, its affiliated companies, its employees, their insurers, sureties, and underwriters, M/V JOHN M. WIKE and the Cycler 5500 are not liable to any extent whatsoever for any losses, damages and/or injuries or for any claims therefor, in any way arising from or in consequence of the Incident, or in consequence of otherwise connected with the matters and happenings referred to in this Complaint;

6. Or, strictly in the alternative, if this Court should adjudge that CGBM, its affiliates, their employees, or their insures, sureties, or underwriters, and/or the M/V JOHN M. WIKE and the Cycler 5500 are liable in any amounts whatsoever, that the Court should then adjudge that said liability shall be limited to $12,430,000 the value of CGBM's interest in the Vessels at the time of the Incident, said amount to be divided *pro rata* among all claimants; and that a judgment be entered discharging CGBM, its affiliates, their employees, or their insures, sureties, or underwriters, and/or the M/V JOHN M. WIKE and the Cycler 5500 of and from any and all further liability and forever enjoining and prohibiting the filing and prosecution of any claims against CGBM, its affiliates, their employees, their insurers, sureties, or underwriters, or any of their property, in any way arising from or in consequence of the alleged damage, or in consequence of or in connection with the matters and happenings referred to in this Complaint; and

7. CGBM have such other and further relief as in law and justice it may be entitled to receive.

Respectfully submitted this 3rd day of November, 2023.

        **ADAMS AND REESE LLP**

        */s/ Matthew C. Guy*
        FRANCIS V. LIANTONIO, JR.
        Texas Bar No. 00790092
        SDTX Bar No. 163125
        MATTHEW C. GUY
        Texas Bar No. 24050702
        SDTX Bar No. 622802
        JOSHUA A LESSER
        Texas Bar No. 24116663
        SDTX Bar No. 3464856
        ***Adams and Reese LLP***
        LyondellBasell Tower
        1221 McKinney, Suite 4400
        Houston, Texas 77010
        Telephone: (713) 652-5151
        frank.liantonio@arlaw.com
        matthew.guy@arlaw.com
        josh.lesser@arlaw.com
        ***COUNSEL FOR CGBM 100 LLC***